1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. MESSINEO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | Case No.:  5:15-cv-02076-BLF<br><br>**[PROPOSED] ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, AND DIRECTING THE ISSUANCE OF NOTICE TO THE SETTLEMENT CLASS**<br><br>Judge:  Hon. Beth Labson Freeman<br>Action Filed:  April 8, 2015<br>Case Removed:  May 8, 2015 |

9
10
11
12
13
14
15
16
17
18
19
20

    The Parties and their respective counsel have entered into a settlement to settle and dismiss the above-captioned litigation on a class-action basis, subject to the Court's approval. On August 5, 2016, Plaintiff Messineo moved the Court to preliminarily approve that settlement (Doc.35).  The Court held a hearing on August 17, 2016 to determine whether the proposed Settlement Class should be certified for settlement purposes only, and whether the settlement should be given preliminary approval (Doc. 37).  During that hearing, the Court and the Parties discussed the possibility of certain procedural and technical revisions to the Parties' original Stipulation of Settlement and Release and its accompanying exhibits.  The Parties then entered

21
22
23
24
25
26
27
28

into an Amended Stipulation of Settlement and Release, which Plaintiff Messineo filed with the Court on August 30, 2016 (Doc. 38).  Contemporaneously, Ocwen filed unopposed motions on August 13, 2016 (Doc. 36) and August 31, 2016 (Doc. 39) for entry of an order finding that it had complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.* ("CAFA"), codified at 28 U.S.C. § 1715 (Doc. 36), with respect to the Parties' original settlement, as well as with respect to their amendment of that settlement.  Having fully considered the Parties' motions, and the exhibits thereto (including the Stipulation of Settlement and Release and its own exhibits), and the evidence and argument offered by the Parties in support of the Settlement, and based upon the totality of the information before the Court,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Plaintiff Messineo's unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 35), as amended by the Parties (Doc. 38), is GRANTED.

2.      Ocwen's motions for a finding that it has complied with the requirements of CAFA (Docs. 36, 39) are also GRANTED.

3.      **Use of Defined Terms.**  For purposes of clarity and consistency, the Court hereby adopts the definitions set forth in Section 2 of the Parties' Amended Stipulation of Settlement and Release (hereinafter, the "Settlement" or "Agreement").  According, unless otherwise defined herein, all capitalized terms and phrases used in this order shall have the same meanings as given them in that Settlement.

4.      **Partial Stay of this Action.**  All non-settlement-related proceedings in the Action are hereby stayed and suspended until further Order of the Court.

5.      **Jurisdiction.**  The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331, including jurisdiction to approve and enforce the Agreement, all of its exhibits, and all Orders and Decrees that have been entered or which may be entered pursuant thereto.  The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Class defined below, and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. **Preliminary Class Certification for Settlement Purposes Only**.  Where, as here, the Court is presented with a proposed settlement prior to a decision on class certification, the Court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23, albeit for purposes of settlement. *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997); *Staton v. Boeing Co.*, 327 F.3d 938, 952-53 (9th Cir. 2003).  The requirements that must be met under Rule 23(a) are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  In addition, the proposed settlement class must satisfy one of the subsections of Rule 23(b).  The Court preliminarily finds and concludes, for settlement purposes only, that:

a. The Settlement Class, as defined below, satisfies the numerosity requirement of Rule 23(a)(1) because it is comprised of 9,374 primary, joint and co-borrowers on the 7,030 residential home loans potentially impacted by the allegations raised in this Action, and the individual joinder of that many persons would be impracticable.

b. The commonality requirement of Rule 23(a)(2) is satisfied because the claims of Plaintiff Messineo and the Settlement Class Members present common issues of law and fact as to whether Ocwen's loan servicing platform contained a flaw during the class period at issue, a flaw that failed to properly apply suspense amounts and excess monthly payment amounts on loans in interest-only payment status on and after November 1, 2013, potentially resulting in violation of the prompt crediting requirements of 15 U.S.C. § 1639f and 12 C.F.R. § 1026.36 under certain payment and account status scenarios.  Plaintiff Messineo contends that investigation has revealed that the cause of such errors was software coding "bugs" inadvertently introduced into Ocwen's loan servicing platform through a vendor's October 2013 software update.  The Court finds that resolution of these questions are "apt to drive the resolution of the litigation" because they are not only common to the claims of Plaintiff Messineo and all Settlement Class Members, but are also "of a nature that is capable of classwide resolution" given their susceptibility to resolution principally through common, classwide proof.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury, … not … that they have all

suffered a violation of the same provision of law:" what must be shown is that the claims of a class "depend upon a common contention … that is capable of classwide resolution … [and that is] apt to drive the resolution of the litigation.").

        c.     The Settlement Class also satisfies the typicality requirement of Rule 23(a)(3).  "The test of typicality is whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014), *reh'g denied* 784 F.3d 571 (2015).  Here, Plaintiff Messineo alleges that he and the Settlement Class were subjected to a common course of conduct—payment crediting by Ocwen's loan servicing platform, as affected by software coding "bugs" inadvertently introduced into that loan servicing platform through a vendor's October 2013 software update and whose potential adverse impact was limited to 7,030 loans which were in interest-only payment status on or after November 1, 2013—thus creating uncertainty as to whether payments made on such loans November 1, 2013 have been properly credited by the loan servicing platform as required by the Truth In Lending Act and Regulation Z.

        d.     Plaintiff Messineo and Class Counsel are adequate representatives of the Settlement Class under Rule 23(a)(4).  Plaintiff Messineo is a member of the class he seeks to represent, the Court is aware of no antagonistic interests that exist between him and the Settlement Class Members, and the Court is satisfied that Class Counsel have the competence to undertake this litigation.

        e.     The requirements of Rule 23(b)(3) are satisfied for purposes of certification of the Settlement Class because the core common issues of law and fact that surround the claims of the Settlement Class—the nature and effect of the software coding "bugs" introduced through the October 2013 software update—predominates for purposes of settlement over any individual questions associated with the resolution of those claims, and certification of a Rule 23(b)(3) opt-out settlement class action for purposes of settlement is superior to other available means of adjudicating this dispute.  And because Plaintiff Messineo seeks class certification for settlement purposes, the Court need not inquire into whether the case, if tried,

would present intractable management problems. *Amchem Prods.*, 521 U.S. at 620.

7.      Accordingly, for purposes of considering, approving and effectuating the Agreement and to fairly and adequately protect the interests of all concerned, the following class (the "Settlement Class") is preliminarily certified for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: "All persons who are obligors on a loan serviced by Ocwen that is secured by the person's principal dwelling located in the United States or its territories, <u>and</u> which was in an interest-only payment status at any time on or after November 1, 2013, <u>and</u> on which a payment did not result in principal curtailment in the month the payment was made even though (a) the payment equaled or exceeded the contractual amount of interest due that month and was made while there was a pre-existing amount being held in suspense by Ocwen with regard to the loan; or (b) the payment exceeded the contractual amount of interest due that month." Excluded from the Settlement Class are: (a) Ocwen's board members and executive level officers; (b) persons who timely and properly exclude themselves from the Settlement Class as provided in the Agreement and as set forth in this Order; and (c) all federal judges, their spouses, and persons within the third degree of relationship to them.

8.      **Appointment of Class Representative and Class Counsel.** The Court hereby appoints Plaintiff Messineo as the representative of the Settlement Class. The Court further designates and appoints Anthony F. Ventura, Daniel J. Muller, and Sarah E. Hammerstad of the law firm of Ventura Rossi Hersey & Muller LLP, who the Court finds are experienced and adequate counsel, as the legal counsel for the Settlement Class ("Class Counsel"). Class Counsel are authorized to represent Plaintiff Messineo and the Settlement Class Members, to enter into and seek approval of the Agreement on behalf of the Settlement Class, and to bind Plaintiff Messineo, all other Settlement Class Members and themselves to the duties and obligations contained in the Agreement, subject to the final approval of the Agreement by the Court.

9.      **Preliminary Settlement Approval.** The Court finds that, subject to the Fairness Hearing, the Settlement is sufficiently fair, reasonable, adequate such that it falls within the range of possible approval, and that it is in the best interests of the Settlement Class that they be given the opportunity to be heard regarding the Settlement and the opportunity to exclude

themselves from the proposed Settlement Class.  The Court further finds that the Settlement

substantially fulfills the purposes and objectives of the Action, and offers beneficial relief to the

Settlement Class that falls within the range of potential recovery in successful litigation of the

claims asserted.  The Court also finds that the Settlement (a) is the result of serious, informed,

non-collusive arm's length negotiations involving experienced counsel informed and familiar

with the legal and factual issues of the Action and reached through the assistance of the

Honorable Ronald Shaw (Ret.) of JAMS; (b) is sufficient to warrant notice of the Settlement and

the Fairness Hearing to the Settlement Class Members; (c) meets all applicable requirements of

law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"),

28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Ocwen.  Accordingly, the

Court grants preliminary approval to the Agreement under Federal Rule of Civil Procedure 23(e),

subject to further consideration at the Fairness Hearing after notice to the Settlement Class

Members.

        10.    **Fairness Hearing.**  In compliance with 28 U.S.C. § 1715(d), and with due regard

to the deadlines contemplated by the Agreement for the distribution of notice to, and the

submission of exclusion requests or objections by, the Settlement Class Members, the Court

hereby sets this case for a settlement Fairness Hearing to take place on January 27, 2017,

beginning at 1:30 p.m., in Courtroom 3 on the 5th Floor of the Robert F. Peckham Federal

Building, 280 South 1st Street, San Jose, California 95113.  During the Fairness Hearing the

Court will consider whether: (a) the proposed Settlement of the Action on the terms and

conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement

Class, such that the Agreement should be granted final approval by the Court pursuant to Federal

Rule of Civil Procedure 23(e); (b) the certification of the Settlement Class should be made final

for settlement purposes, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil

Procedure; (c) whether Attorneys' Fees and Expenses should be awarded by the Court to Class

Counsel from the Settlement Fund, and in what amount, pursuant to Federal Rule of Civil

Procedure 23(h); (d) whether a Service Award should be approved by the Court to Plaintiff

Messineo from the Settlement Fund, and in what amount; and (e) whether a Final Order and

Judgment should be entered, and this Action thereby dismissed with prejudice, pursuant to the terms of the Agreement.  The Court may adjourn the Fairness Hearing without further notice to the Settlement Class Members.

11.    **Further Submissions by the Parties.**  Any application by Class Counsel for Attorneys' Fees and Expenses and for an Service Award shall be filed with the Court no later than fourteen (14) days prior to the Objection/Exclusion Deadline (*i.e.*, by December 9, 2016), which the Parties must promptly cause the Settlement Administrator to post to the settlement website.  All other submissions of the Parties in support of the proposed settlement, or in response to any objections submitted by Settlement Class Members, shall be filed no later than ten (10) days before the Fairness Hearing (*i.e.*, by January 17, 2017).  The Settlement Administrator is directed to file a list reflecting all requests for exclusion it has received from Settlement Class Members with the Court no later than ten (10) days before the Fairness Hearing (*i.e.*, by January 17, 2017).

12.    **Administration.**  In consultation with and with the approval of Class Counsel, Ocwen is hereby authorized and directed to establish the means necessary to administer the proposed Settlement, and implement the class notification process, in accordance with the terms of the Agreement.  The Court hereby authorizes the Parties to retain Class-settlement.com to serve as the Settlement Administrator, at Ocwen's expense, to aid in implementing the terms of the Agreement.

13.    The Court also approves the plan for claims administration and processing proposed by the Settlement, including the Claim Form attached as Exhibit A to the Agreement. Settlement Class Members who wish to apply for an Account Adjustment must complete and submit a Claim Form.  The Court further approves the procedure for resolution of any disputes as to Account Adjustments by a neutral, specifically the Honorable Robert A. Baines (Ret.) of JAMS, without hearings and based on written submissions only, without the right of appeal.  To be valid, all Claim Forms must be submitted sufficiently in advance that they are received by the Settlement Administrator on or before the Claim Form Deadline of December 23, 2016.

14.    **Notice to Federal and State Regulators.**  The Court has reviewed Ocwen's

motions for entry of an order finding that it has complied with the notice requirements of CAFA, as codified at 28 U.S.C. § 1715, and those motions' accompanying exhibits.  The Court finds and concludes that the form and contents of, and information provided by, the notices given by Ocwen to federal and state regulatory officials, as well as the identity of the officials to whom those notices were sent, to be reasonable, proper, and in full compliance with the requirements of 28 U.S.C. § 1715.  As such, the Court finds that Ocwen need not provide any further or supplemental notices under CAFA.

15.   **Notice to the Settlement Class.**  The Court approves, as to both form and content, the Class Notice which is attached as Exhibit "B" to the Agreement, as well as the methodology for distributing that notice to the Settlement Class Members as set forth in Section 5 of the Agreement.  As a result,

a.   The Court orders the Settlement Administrator, beginning not later than fourteen (14) days after entry of this Order and to be substantially completed no later than ninety-five (95) days before the Fairness Hearing (*i.e.*, by October 24, 2016), and subject to the requirements of this Order and the Agreement, to cause the Class Notice to be mailed, by First-Class U.S. Mail, proper postage prepaid, to each Settlement Class Member using the borrower mailing addresses for the relevant mortgaged properties as reflected in Ocwen's business records.  The distribution of the Class Notice shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statute, law, or rule, including, but not limited to, the Due Process Clause of the United States Constitution.

b.   The Court further orders the Settlement Administrator to: (a) promptly re-mail any Class Notices returned by the United States Postal Service with a forwarding address that are received by the Settlement Administrator at least forty-two (42) days before the Fairness Hearing (*i.e.*, by December 16, 2016); and (b) determine, as soon as practicable, whether a valid address can be located through use of the United States Postal Service's National Change of Address database and/or use of other reasonable means and without undue cost or delay, for those Class Notices that are returned without a new or forwarding address, and promptly re-mail copies of the Class Notice to any Settlement Class Members for whom the Settlement

Administrator is reasonably able to locate valid addresses in accordance herewith, so long as the valid addresses are obtained at least forty-two (42) days before the Fairness Hearing (*i.e.*, by December 16, 2016).

   c. Following the entry of this Order, the Parties, working with the Settlement Administrator, are permitted by mutual agreement to make changes in the font, format and content of the Class Notice (or the exhibits thereto) that do not materially alter the substance of that notice. Such changes can only be made before the Class Notice is first mailed to Settlement Class Members. Any material substantive changes to the Class Notice must be approved by the Court.

   d. The Settlement Administrator is further ordered to establish an internet website which will inform Settlement Class Members of the terms of the Agreement, their rights, dates and deadlines, and related information. The website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, and should be operational and live by the date of the mailing of the Class Notice. At this time, the Court orders that the website include the following: (1) the Operative Complaint; (2) the Agreement, and its exhibits; (3) this Order; (4) the Class Notice; (5) the Claim Form; and (6) a disclosure, on the website's "home page," of the deadlines for Settlement Class Members to seek exclusion from the Settlement Class, or to object to the Agreement, or to submit a Claim Form, as well as the date, time and location of the Fairness Hearing, as set forth in Paragraph 10 of this Order.

   e. No later than ten (10) days before the date of the Fairness Hearing (*i.e.*, by January 17, 2017), the Settlement Administrator, and to the extent applicable, Ocwen, shall file with the Court a declaration or declarations, verifying compliance with the aforementioned classwide notice procedures.

   16. **Findings Concerning The Notice Program.** The Court finds and concludes that the form, content and method of giving notice to the Settlement Class as described in this Order: (a) will constitute the best practicable notice under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, the terms of the proposed Settlement, and of their rights under and with respect to

the proposed Settlement (including, without limitation, their right to object to or seek exclusion from, the proposed settlement); (c) is reasonable and constitutes due, adequate and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) satisfies all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Federal Rule of Civil Procedure 23(c), and the United States Constitution (including the Due Process Clause).  The Court further finds that the Class Notice is written in simple terminology, readily understandable by Settlement Class Members.

17.    **Cost Obligations For The Notice Program.**  All Costs of Administration, including those associated with providing notice to the Settlement Class as well as in administering the terms of the Settlement, shall be paid by Ocwen as set forth in the Agreement. In the event the Agreement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff Messineo, nor Class Counsel, nor the Settlement Class Members shall have any obligation to Ocwen for such costs and expenses.

18.    **Communications With Settlement Class Members.**  The Court authorizes Ocwen to communicate with Settlement Class Members, potential Settlement Class Members, and to otherwise engage in any other communications within the normal course of Ocwen's business.  However, Ocwen is ordered to refer any inquiries by Settlement Class Members or potential Settlement Class Members about the Settlement to the Settlement Administrator or Class Counsel.

19.    **Exclusion ("Opting Out") from the Settlement Class.**  Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a written request for exclusion to the Settlement Administrator, mailed sufficiently in advance to be received by the Settlement Administrator by the Objection/Exclusion Deadline of December 23, 2016.  A request for exclusion must comply with the requirements set forth in Section 6 of the Agreement and include the Settlement Class Member's name, mailing and email addresses, contact phone number, the Settlement Class Member's loan number(s), a statement that he or she wishes to be excluded from the Settlement Class, contain a caption or title that identifies it as "Request for Exclusion in *Messineo v. Ocwen Loan Servicing, LLC* (case number 5:15-cv-02076-BLF)," and

include the Settlement Class Member's personal signature.  A request for exclusion may not request the exclusion of more than one member of the Settlement Class.

20.    Any Settlement Class Member who timely requests exclusion consistent with these procedures shall not: (a) be bound by a final judgment approving the Settlement; (b) be entitled to any relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be entitled to object to any aspect of the Settlement.  However, Settlement Class Members who do not exclude themselves from the Settlement Class in full compliance with the requirements and deadlines of this Order shall be deemed to have forever consented to the exercise of personal jurisdiction by this Court and shall have waived their right to be excluded from the Settlement Class and from the Settlement, and shall thereafter be bound by all subsequent proceedings, orders and judgments in this Action, including but not limited to the Release contained in the Settlement, regardless of whether they have requested exclusion from the Settlement Class and even if they initiate litigation against any or all of the Released Parties relating to the Released Claims.

21.    **Objections and Appearances.**  Any Settlement Class Member (or counsel hired at any Settlement Class Member's own expense) who does not properly and timely exclude himself or herself from the Settlement Class, and who complies with the requirements of this paragraph and the procedures specified in the Class Notice, may object to any aspect or effect of the proposed Settlement.

a.    Any Settlement Class Member who has not filed a timely and proper written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the certification of the Settlement Class, or to the award of Attorneys' Fees and Expenses, or to the Service Award, or to any other aspect or effect of the Settlement, or to the Court's jurisdiction, must file a written statement of objection with the Court no later than the Objection/Exclusion Deadline of December 23, 2016.

b.    An objection must be in writing, and must include: (1)  the Settlement Class Member's name, mailing and email addresses, contact phone number, and loan number(s); (2) a caption or title that identifies it as "Objection to Class Settlement in *Messineo v. Ocwen*

*Loan Servicing, LLC* (case number 5:15-cv-02076-BLF);" (3) an explanation of the basis upon which the objector claims to be a member of the Settlement Class; (4) all grounds for the objection, including any legal and evidence the objector wishes to introduce in support of the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection; (6) a statement indicating whether the objector intends to appear and argue at the Fairness Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (7) the personal signature of the objecting Settlement Class Member.

        c.    To file a written statement of objection, an objector must mail it to the Court's Class Action Clerk sufficiently in advance that it is received by the Class Action Clerk on or before the Objection/Exclusion Deadline of December 23, 2016, or the objector may file it in person on or before the Objection/Exclusion Deadline of December 23, 2016 at any location of the United States District Court for the Northern District of California, except that any objection made by a Settlement Class Member represented by his or her own counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

        d.    Any Settlement Class Member who fails to comply with the provisions in this Order for the submission of written statements of objection shall thereby forever waive and forfeit any and all rights he or she may have to appear separately and/or to object, and will be deemed to have consented to the exercise of personal jurisdiction by the Court, consented to the Settlement, consented to be part of the Settlement Class, and consented to be bound by all the terms of the Agreement, this Order, and by all proceedings, orders, and judgments that have been entered or may be entered in the Action, including, but not limited to, the Release described in the Agreement.  However, any Settlement Class Member who submits a timely and valid written statement of objection shall, unless he or she is subsequently excluded from the Settlement Class by Order of the Court, remain a Settlement Class Member and be entitled to all of the benefits of the Settlement in the event the Agreement is given final approval and the Final Settlement Date is reached.

22.     **Termination of Settlement.**   The class certification contained in this Order shall become null and void and shall be without prejudice to the rights of the Parties or Settlement Class Members, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement: (a) is not finally approved by the Court, (b) does not become final pursuant to the terms of the Agreement; (c) is terminated in accordance with the Agreement; or (d) does not become effective for any other reason.

23.     In the event the Settlement does not reach the Final Settlement Date or is terminated in accordance with the Agreement, then: (a) the Settlement and the Agreement, and the Court's Orders, including this Order, relating to the Settlement shall be vacated and shall be null and void, shall have no further force or effect with respect to with respect to any Party in this Action, and shall not be used or referred to in any other proceeding by any person for any purpose whatsoever; (b) the certification of the Settlement Class pursuant to this Order shall be vacated automatically, without prejudice to any Party or Settlement Class Member to any legal argument that any of them might have asserted but for the Agreement, and this Action will revert to the status that existed before the Agreement's execution date; (c) this Action shall proceed pursuant to further Orders of this Court; and (d) nothing contained in the Agreement, or in the Parties' settlement discussions, negotiations or submissions (including any declaration or brief filed in support of the preliminary or final approval of the Settlement), or in this Order or in any other rulings regarding class certification for settlement purposes, shall be construed or used as an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach or liability in this Action or in any other lawsuit or proceeding, or be admissible into evidence for any purpose in the Action or any other proceeding by any person for any purpose whatsoever. This paragraph shall survive termination of the Settlement and shall remain applicable to the Parties and the Settlement Class Members whether or not they submit a written request for exclusion.

24.     **Continuing Jurisdiction.**   This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the Settlement or this Order, and to assure the effectuation of the Settlement for

the benefit of the Settlement Class.

25. **Continuance of Fairness Hearing.**  The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice to the Settlement Class Members.

IT IS SO ORDERED.

DATED:  September 6, 2016

THE HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT COURT JUDGE